IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA, )
)
        Plaintiff, )
)
v. ) Case No. 20-03031-CR-SRB-11
)
)
NATHAN J. BAY, )
)
        Defendant. )

**SUGGESTIONS IN OPPOSITION TO GOVERNMENT'S MOTION TO DETAIN DEFENDANT BAY PENDING TRIAL**

COMES NOW Defendant NATHAN J. BAY by counsel, Thomas D. Carver, and for his Suggestions in Opposition to the Government's Motion for Pretrial Detention states as follows:

**SUGGESTIONS IN SUPPORT**

1. Title 18, United States Code, Section 3142 governs questions of pretrial release or detention. There is a presumption for release subject to certain exceptions set forth in the statute. *Stack v. Boyle,* 342 U.S. 1, 4, 72 S.Ct. 1 (1951). Additionally, Due Process requires that statutes imposing pretrial detention serve a compelling government interest and not impose punishment before adjudication of guilt. *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979).

2. 18 U.S.C. §3142(b) mandates release pending trial unless a judicial officer determines ". . . that such release will not reasonably assure the appearance of the persons required or will endanger the safety of any other person or the community." When a judicial officer determines there is a court appearance or safety issue, but that there are

1

conditions or combinations of conditions of release available that will assure good conduct and appearance in court, then he or she must authorize pretrial release subject to the conditions that the defendant not commit a Federal, State or local crime during the period of release and submit a DNA sample if it is authorized pursuant to 42 U.S.C. 14135(a); and such condition or combination of conditions that will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. 3142(c)(A) and (B).

3. Section 3142 (e) and (f)(1) allow for a presumption of non-release if the government moves for detention and the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which a term of imprisonment for 10 years or more is a possibility.

4. This Court is undoubtedly completely familiar with the menu of conditions available to it under § 3142(c)(1)(B) that may be utilized to assure the appearance of the defendant and the safety of the community. Even with a presumption of detention, many options exist that would satisfy the defendant's appearance and the safety of the community. Put another way, given the circumstances in this case, Defendant Bay believes the Court cannot reasonably conclude there is no condition or combination of conditions that would assure the defendant's appearance and protect the community. In particular, much of the information in the Government's motion has as its source statements of co-defendants, summaries of conversations from unnamed sources or informants highly motivated to improve their position with law enforcement officials. The weight of the evidence cited by the Government should be viewed with suspicion. For example, the Government cites to the numeral 13 being used in a telephone

conversation and immediately suggests that it means $13,000.00 when it just as easily could mean "13" or "1,300" or absent a transcript could relate to an altogether different context. In such situations it helpful to recall "3142 (j) **Presumption of innocence.--** Nothing in this section shall be construed as modifying or limiting the presumption of innocence. 18 U.S.C.A. § 3142 (j)." The testimony of as yet undisclosed witnesses or disclosed witnesses whose purported testimony has been parsed in order to achieve a negative inference should be rejected by the Court when it considers its power to deny Defendant Bay of his liberty.

Respectfully submitted,

CARVER, CANTIN and GRANTHAM, LLC

*/S/ Thomas D. Carver*

ATTORNEYS FOR DEFENDANT
901 St. Louis St. Ste. 1600
Springfield, MO 65806
417/831-6363, 417/831-7373 fax

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2021, the foregoing suggestions in opposition to the Government's motion for detention of Defendant Bay was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of the filing to all other counsel of record.

*/s/ Thomas D. Carver*

18 USC § 3142(e)