# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Criminal Action |
| | ) | No. 20-03031-11-CR-S-SRB |
| NATHAN J. BAY, | ) | |
| | ) | |
| Defendant | ) | |

## O R D E R

After the United States orally moved for pretrial detention, a hearing was held in this matter pursuant to § 3142(f), Title 18, United States Code. The defendant was present personally and with his counsel, Tom Carver, attorney at law. The United States was represented by Jess Sarff, Assistant United States Attorney.

An indictment has been returned alleging a violation of the Controlled Substances Act, for which there is a maximum period of imprisonment of ten years or more. There is therefore a rebuttable presumption that there are no conditions which would reasonably assure the defendant's appearance at all proceedings, as required, and the safety of other persons and/or the community. Based on the evidence presented at the hearing, there are no conditions the Court can impose that would reasonably assure the safety of other persons or the community.

The factors to be considered by the Court are enumerated in Title 18, United States Code, Section 3142(g). Regarding the potential danger to the community, the Court notes the nature of the instant offense and defendant's criminal history which includes, but is not limited to, the following: prior felony and misdemeanor arrests and convictions; probation non-compliance;

criminal activity while under supervision; charge involving domestic violence; and, charge involving a weapon. The Court also notes defendant's current and historical substance abuse issues.

Based on all the foregoing, the Courts finds by clear and convincing evidence that the defendant is a danger to the community.

**IT IS THEREFORE ORDERED** that the defendant be and is hereby detained without bail.

**IT IS FURTHER ORDERED** that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDRED.**

**DATED:   April 12, 2021**

 

                                                               */s/ David P. Rush*
                                                                DAVID P. RUSH
                                       United States Magistrate Judge