# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20-03031-01/13-CR-S-SRB |
| | ) | |
| MATTHEW D. CEPLECHA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Counsel for Defendant Christian F. Roman (10) has filed a motion for continuance of the March 21, 2022 trial setting in the above-captioned case. (Doc. 436.)

In any case in which a plea of not guilty is entered, the trial shall commence within 70 days from the filing of the information or indictment or the date of the defendant's first appearance, whichever comes last. 18 U.S.C. § 3161(c)(1) (the "Speedy Trial Act"). However, in computing the time within which trial of any offense must commence, any period of delay resulting from a continuance granted by the court at the request of a defendant or his or her counsel, which serves the ends of justice, shall be excluded from computing the time. 18 U.S.C. § 3161(h)(7)(A). The Speedy Trial Act requires that the court set forth its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. Factors which this Court shall consider in determining whether to grant a continuance include whether the failure to grant such a continuance would be likely to result in a miscarriage of justice and deny reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Counsel for Defendant states that additional time is needed to meet with Defendant,

review discovery with him, and prepare a defense. Failure to grant the continuance would deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Also, all defendants are charged in Count One with conspiracy. In granting the motion for continuance, there is no violation of the rights of the co-defendants to a speedy trial. *See United States v. Thomas*, 774 F.2d 807 (7th Cir. 1985). The Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and Defendant in a speedy trial. It is therefore

**ORDERED** that the motion for continuance of the March 21, 2022 trial setting is granted; and it is further

**ORDERED** the above-captioned case is reset for jury trial on the Joint Criminal Trial Docket which commences on **September 26, 2022 at 9:00 a.m.**; and it is further

**ORDERED** that the pretrial conference on February 23, 2022, is cancelled; and it is further

**ORDERED** that, absent the most extraordinary circumstances, no further continuances will be granted in this case; and it is further

**ORDERED** that the additional period of delay in commencing the trial caused by this continuance shall be excluded in computing the time within which this trial shall commence under the Speedy Trial Act.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: February 18, 2022